IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Cynthia Grant,                    )
                                    )
              Plaintiff,      )
                                    )     Civil Action No. 2:24-mc-391-BHH
v.                                   )
                                    )
Toby Wells and Leesa Logan,     )          **ORDER**
                                    )
              Defendant.    )
_____ )

This matter is before the Court upon Plaintiff Cynthia Grant's pro se ("Plaintiff") complaint alleging "dishonored tribal law" and "breach of treaty." (ECF No. 1 at 5; ECF No. 17 at 2.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 29, 2024, the Magistrate Judge issued an order informing Plaintiff that her filings did not amount to a true "miscellaneous" matter appropriate for the Court's consideration and affording Plaintiff 21 days to complete and return a "Complaint for Civil Case" form. (ECF No. 11.) On or around July 2, 2024, Plaintiff filed most of the necessary proper form documents and an amended complaint. However, the amended complaint is incomplete and appears to reference a new plaintiff, "Chief Israel X for Cashbox Trust Tribal Government on behalf of Cynthia Grant Tribe ex rel the Secretary of the Department of the Interior and the Bureau of Indian Affairs." (ECF No. 17 at 1-2.)

On August 20, 2024, after reviewing the materials submitted by Plaintiff, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this matter. (ECF No. 22.) In the Report, the Magistrate Judge explained that, despite the Court's warnings, Plaintiff failed to submit

a  a set of signed responses to the Court's Local Civil Rule 26.01 Interrogatories or a properly completed complaint, and that Plaintiff's claims are subject to summary dismissal for frivolousness and failure to state a claim.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 22), and the Court summarily dismisses this**

2

**action without prejudice and without issuance and service of process pursuant to**

**Rule 41 of the Federal Rules of Civil Procedure.**

 **IT IS SO ORDERED.**

        /s/Bruce H. Hendricks
        United States District Judge

September 12, 2024
Charleston, South Carolina